UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Maurice L. Dunbar, | ) C/A No. 8:10-0995-HMH-BHH |
|---|---|
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Judge Purnell, *City of Columbia*;<br>Investigator Petroski, *City of Columbia*;<br>Officer M.D. Sloan, *City of Columbia*;<br>City of Columbia Police Department;<br>Lexington County Detention Center, | ) |
| Defendants. | ) |

## *Background of this Case*

The plaintiff is a pre-trial detainee at the Lexington County Detention Center in Lexington, South Carolina. The plaintiff, pursuant to 42 U.S.C. § 1983, has brought suit against a municipal judge for the City of Columbia, a police officer, an investigator, the City of Columbia Police Department, and the Lexington County Detention Center.

The "STATEMENT OF CLAIM" portion of the Section 1983 reveals that his civil rights action arises out of the plaintiff's pending criminal case, in which a $150,000 cash bond has been set for the plaintiff. The plaintiff has not be able to "make bond." The plaintiff alleges or contends: *(1)* the bond is prejudicial because the plaintiff is charged with a non-violent offense; *(2)* the judge set the plaintiff's high bond because an investigator told

1

him to do so; *(3)* Investigator Petroski made false accusations against the plaintiff; *(4)* Officer Sloan failed to advise the plaintiff of his Miranda rights; and *(5)* the plaintiff has not be given a preliminary hearing and has not been appointed counsel. Part V (the relief portion) of the complaint is left blank, except for the signature and date.

## *Discussion*

Under established local procedure in this judicial district, a careful review[1] has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v.

---

[1]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

*Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even so, a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), which is cited in *Silva v. Spencer*, No. 08-cv-1686-H (LSP), 2009 U.S. Dist. LEXIS 61467, 2009 WL 2160632 (S.D. Cal., July 17, 2009). Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Although the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994), is not applicable to the above-captioned case, *see Wallace v. Kato*, 549 U.S. 384 (2007), the above-captioned case is still subject to summary dismissal. Absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings. *See, e.g., Younger v. Harris*, 401 U.S. 37, 44 (1971); *Harkrader v. Wadley*, 172 U.S. 148, 169-170 (1898); *Taylor v. Taintor*, 83 U.S. (16 Wall.) 366, 370 & n. 8 (1873);[3] *Nivens v. Gilchrist*, 319 F.3d 151 (4th Cir. 2003); and *Cinema Blue of Charlotte, Inc. v.*

---

[3]Although the Supreme Court of the United States has not overruled *Taylor v. Taintor*, an unrelated portion of the decision in *Taylor v. Taintor*, which concerned the right of sureties to apprehend principals, has been superannuated by statute in Texas. *See Green v. State*, 829 S.W.2d 222, 223 (Tex. Crim. App. 1992) ("However, *Taylor* is not the law in Texas."), *affirming Green v. State*, 785 S.W.2d 955 (Tex. App. Fort Worth 1990).

*Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989). In *Cinema Blue of Charlotte, Inc. v. Gilchrist*, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. *See also Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975)(*en banc* 1976).

In *Bonner v. Circuit Court of St. Louis*, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."

In any event, it is clear that the plaintiff has not exhausted his state remedies. If the plaintiff is later convicted and sentenced in his pending criminal case, he has the remedy of filing a direct appeal. *State v. Northcutt*, 372 S.C. 207, 641 S.E.2d 873 (2007). If his direct appeal is unsuccessful, the plaintiff can file an application for post-conviction relief. *See* S.C. Code Ann. § 17-27-10, *et seq.* (Westlaw 2010).

The Supreme Court of South Carolina, the Court of Appeals of South Carolina, Courts of General Sessions, Courts of Common Pleas, Family Courts, Probate Courts, magistrate's courts, and municipal courts are in a unified judicial system. *See* S.C. Const. Article V, § 1 ("The judicial power shall be vested in a unified judicial system, which shall

include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); *City of Pickens v. Schmitz*, 297 S.C. 253, 376 S.E.2d 271, 272 (1989); *Cort Industries Corp. v. Swirl, Inc.*, 264 S.C. 142, 213 S.E.2d 445, 446 (1975); and *State ex rel. McLeod v. Civil and Criminal Court of Horry County*, 265 S.C. 114, 217 S.E.2d 23, 24 (1975).[4] The entity known as the South Carolina Court Administration operates the State of South Carolina's unified judicial system pursuant to the authority delegated by the Supreme Court of South Carolina. *See Bailey v. State*, 309 S.C. 455, 424 S.E.2d 503 (1992).

County magistrates and municipal court judges are judges in the State of South Carolina's unified judicial system. *See In re Woodham*, 386 S.C. 495, 689 S.E.2d 605 (2010); *In the Matter of Stephens*, 375 S.C. 140, 650 S.E.2d 849 (2007); *In the Matter of Singleton*, 361 S.C. 364, 605 S.E.2d 518 (2004) (removing county magistrate from office); *In the Matter of Wilder*, 335 S.C. 339, 516 S.E.2d 927 (1999) (imposing public reprimand upon former Municipal Court Judge and precluding him from seeking "future appointment to any judicial office within the unified judicial system of South Carolina unless authorized by this Court"); *In the Matter of Lee*, 313 S.C. 142, 437 S.E.2d 85 (1993); *In the Matter of Carmichael*, 313 S.C. 96, 437 S.E.2d 63 (1993); *In the Matter of Ulmer*, 315 S.C. 188, 432 S.E.2d 481 (1993); and *In the Matter of Wyatt*, 295 S.C. 34, 367 S.E.2d 22, 23 (1988).

---

[4]County courts in the State of South Carolina no longer exist. Section 22 of Article V of the Constitution of the State of South Carolina (1973) allowed "any existing court" on the date of ratification to continue operating until Article V was fully implemented. *State ex rel. McLeod v. Civil and Criminal Court of Horry County*, 217 S.E.2d at 24 ("The Horry County Court is one of the courts continued in existence solely by virtue of the provisions of Section 22 of Article V.").

Judge Purnell is immune from suit in the above-captioned civil rights action. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (a suit by South Carolina inmate against two Virginia magistrates); and *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). *See also Siegert v. Gilley*, 500 U.S. 226 (1991) (immunity presents a threshold question which should be resolved before discovery is even allowed); and *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability"). *Accord Bolin v. Story*, 225 F.3d 1234 (11th Cir. 2000) (discussing judicial immunity of United States District Judges and United States Circuit Judges).

The Lexington County Detention Center is a group of buildings or a facility. Inanimate objects – such as buildings, facilities, and grounds – do not act under color of state law. Hence, the Lexington County Detention Center is not a "person" subject to suit under 42 U.S.C. § 1983. *See Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); and *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). *Cf. Wright v. El Paso County Jail*, 642 F.2d 134, 136 n. 3 (5th Cir. 1981).

As earlier stated, Part V of the complaint is left blank, except for the signature and date. When a plaintiff has failed to ask for relief, a federal district court "is faced with the prospect of rendering an advisory opinion; federal courts may not render advisory opinions, however." *Humphreys v. Renner*, No. C 94-2071 MHP, 1996 WL 88804 (N.D. Cal., Feb. 26, 1996), *following FCC v. Pacifica Foundation*, 438 U.S. 726, 735 (1978) ("[F]ederal courts have never been empowered to issue advisory opinions."). *See also Public Service Co. v. United States Environmental Protection Agency*, 225 F.3d 1144, 1148 n. 4 (10th Cir. 2000) (company's failure to ask for relief constitutes a request for an advisory opinion, which is barred by Article III). *Cf. Herb v. Pitcairn*, 324 U.S. 117, 126 (1945) ("We are not permitted to render an advisory opinion[.]");[5] and *Neitzke v. Williams*, 490 U.S. at 322-30 (*held*: although district courts should not blur the distinction between the standards applicable to a Rule 12(b)(6) dismissal for failure to state a claim upon which relief can be granted and a dismissal under 28 U.S.C. § 1915 because a claim is frivolous, a patently insubstantial complaint, petition, or pleading may be dismissed). *Cf. United States v. Burlington Northern Railroad Co.*, 200 F.3d 679, 699 (10th Cir. 1999) (refusing to respond to party's "request for guidance in future cases" because the request was "tantamount to a request for an advisory opinion").

### *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v.*

---

[5]Other portions of the decision in *Herb v. Pitcairn* have been superannuated by later case law. *See Michigan v. Long*, 463 U.S. 1032 (1983).

*Hernandez*; *Neitzke v. Williams*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" § 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the Notice on the next page.

                                        s/Bruce Howe Hendricks
                                        United States Magistrate Judge

April 27, 2010
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **Post Office Box 10768**
> **Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).