IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

Maurice L. Dunbar, )
 )
              Plaintiff, ) C.A. No. 8:10-995-HMH-BHH
 )
vs. )
 ) **OPINION & ORDER**
Judge Purnell, City of Columbia; )
Investigator Petroski, City of Columbia; )
Officer M.D. Sloan, City of Columbia; )
City of Columbia Police Department; )
Lexington County Detention Center, )
 )
              Defendants. )

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bruce Howe Hendricks, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Maurice L. Dunbar ("Dunbar"), a pre-trial detainee proceeding pro se, brings this action alleging federal claims under 42 U.S.C. § 1983. In her Report and Recommendation, Magistrate Judge Hendricks recommends that the court summarily dismiss Dunbar's complaint without prejudice and without issuance and service of process.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

1

# I. Factual and Procedural History

Dunbar is currently detained at the Lexington County Detention Center in Lexington, South Carolina awaiting trial. Dunbar filed a complaint against Defendants on April 21, 2010[2], alleging that Defendants violated his constitutional rights. In particular, Dunbar alleges that the following actions have violated his constitutional rights: (1) Judge Purnell has prejudiced him in setting his bond at $150,000 for a non-violent offense; (2) Investigator Petroski made "false accusations" about Dunbar which influenced Judge Purnell to give him a high bond; (3) Officer M.D. Sloan, the arresting police officer, failed to read Dunbar his Miranda rights; and (4) he has not received a preliminary hearing or assistance of counsel. (Compl. ¶ IV.) Dunbar did not provide any information in his complaint regarding what type of relief he seeks. Magistrate Judge Hendricks recommends summarily dismissing the complaint without prejudice and without issuance and service of process. (Report and Recommendation 7.) Dunbar filed objections on May 6, 2010.

# II. Discussion of the Law

Dunbar filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

---

[2] See Houston v. Lack, 487 U.S. 266 (1988).

Upon review, the court finds that many of Dunbar's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, Dunbar filed one specific objection. Dunbar argues that the magistrate judge erred in recommending dismissal of his complaint based on his failure to specify the relief sought. (Objections 1.) In his objections, Dunbar "clarifies" his relief sought in the complaint, explaining that he seeks (1) "dismissal of the pending charges by Officer Sloan [and] Investigator Petroski" and (2) the ability to continue to pursue his claims against Defendants. (Id.)

Dunbar's claims relate to his pending criminal case. "[F]ederal courts should abstain from the decision of constitutional challenges to state action, however meritorious the complaint may be, whenever [the] federal claims . . . could be presented in ongoing state judicial proceedings that concern important state interests." Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 52 (4th Cir. 1989) (internal quotation marks omitted). Moreover, any claim against the Lexington County Detention Center is without merit as a building is not a "person" subject to suit under 42 U.S.C. § 1983. See Preval v. Reno, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) (explaining that a "[j]ail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983") (abrogated on other grounds). Dunbar's objection, therefore, is without merit.

Based on the foregoing, the court adopts the Report and Recommendation of Magistrate Judge Hendricks and summarily dismisses Dunbar's complaint without prejudice and without issuance and service of process.

It is therefore

**ORDERED** that Dunbar's complaint, docket number 1, is summarily dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

                                              s/Henry M. Herlong, Jr.
                                              Senior United States District Judge

Greenville, South Carolina
May 14, 2010

### NOTICE OF RIGHT TO APPEAL

The Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.